# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39696 (rem)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Isaiah L. EDWARDS**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

On Remand from
the United States Court of Appeals for the Armed Forces

Decided 8 December 2022

———————————

*Military Judge:* Jefferson B. Brown.

*Approved sentence:* Dishonorable discharge, confinement for 35 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 22 January 2019 by GCM convened at Barksdale Air Force Base, and the United States courthouse, Shreveport, Louisiana.

*For Appellant:* Major David L. Bosner, USAF; Mark C. Bruegger, Esquire.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel Brian C. Mason, USAF; Major Jessica L. Delaney, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire; Jordan E. Michel (civilian intern).[1]

Before POSCH, RICHARDSON, and CADOTTE, *Appellate Military Judges*.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

[1] Mr. Michel was supervised by attorneys admitted to practice before this court.

_____

PER CURIAM:

Contrary to Appellant's pleas, a general court-martial composed of officer members convicted Appellant of the murder of another Airman by means of stabbing and cutting him with a knife, in violation of Article 118, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 918, *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*). Appellant was sentenced to a dishonorable discharge, confinement for 35 years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

After this court affirmed the findings and sentence, *United States v. Edwards*, No. ACM 39696, 2021 CCA LEXIS 106 (A.F. Ct. Crim. App. 10 Mar. 2021) (unpub. op), the United States Court of Appeals for the Armed Forces (CAAF) granted Appellant's petition for review of the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY ALLOWING THE VICTIM TO PRESENT AS AN IMPACT STATEMENT A VIDEO—PRODUCED BY THE TRIAL COUNSEL—THAT INCLUDED PHOTOS AND BACKGROUND MUSIC

*United States v. Edwards*, 81 M.J. 424 (C.A.A.F. 2021) (order).

The CAAF concluded that the military judge abused his discretion by allowing the video as an unsworn victim impact statement. *United States v. Edwards*, 82 M.J. 239, 241 (C.A.A.F. 2022). The CAAF found that "the materiality and high quality of the video—as illustrated by the Government's use of the video during sentencing—prevent [the CAAF] from concluding that the Government has met its burden of establishing that the video did not substantially influence Appellant's sentence." *Id.* at 248. Accordingly, the CAAF affirmed the findings, but our decision was reversed with respect to the sentence. *Id.* at 241. The CAAF vacated Appellant's sentence and returned the record to The Judge Advocate General of the Air Force for remand to this court. *Id.* The remand stated that this court may "either reassess the sentence based on the affirmed findings or order a sentence rehearing." *Id.*

On remand, counsel for both parties filed a consent motion for leave to file joint brief, which this court granted on 17 November 2022. The joint brief reflects the parties' agreement to request that this court reassess Appellant's adjudged sentence. The parties concur that, absent the error involved in Appellant's court-martial, the sentence adjudged would have been at least a dishonorable discharge, confinement for 30 years, forfeiture of all pay and allowances,

and reduction to the grade of E-1. The parties further believe this sentence is appropriate given the particular circumstances of Appellant's case.[2]

A reassessed sentence must not only "be purged of prejudicial error [but] also must be 'appropriate' for the offense involved." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). Examining the record and applying the considerations set out in *United States v. Winckelmann*, 73 M.J. 11, 15–16 (C.A.A.F. 2013), we are able to reliably determine to our satisfaction that, based on the affirmed findings, Appellant's sentence would have included at least confinement for 30 years in addition to the other adjudged elements of the sentence. While the parties also agree with a reassessment that reduces confinement to 30 years, the court is independently satisfied reassessment to a sentence that includes 30 years' confinement is appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2016 *MCM*).

Without the error, we are convinced that Appellant would have received at least 30 years' confinement in light of the brutality he showed in beating and then stabbing and cutting a fellow Airman. We can be sure of this result from the victim impact evidence that was properly admitted at trial and in sentencing, and the comparatively slight evidence in mitigation and extenuation. At the same time, a five-year adjustment is appropriate so that the sentence, as reassessed, is well purged of error. This conclusion is buttressed by four findings of our superior court. First, the video at issue "was materially important to the Government's sentencing case." *Edwards*, 82 M.J. at 241. Second, the video included "the type of content that had the potential to influence the sentencing decision of the panel." *Id.* at 248. Third, the "Government used its resources to produce a video on behalf of the victim's family that was designed to evoke an emotional response from the panel." *Id.* Fourth, trial counsel's decision to replay the video during sentencing argument immediately before asking the members to adjudge the maximum sentence was "compelling evidence the Government believed the video was not only material and of high quality, but possibly the most powerful aspect of their sentencing case." *Id.*

For these reasons, we reassess the sentence on the affirmed findings to a dishonorable discharge, confinement for 30 years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The sentence as reassessed is correct in law and fact, and no other error materially prejudicial to the substantial

---

[2] On 2 December 2022, Appellant's counsel filed a consent motion to attach a sworn declaration by Appellant. Appellant's declaration, dated 29 November 2022, agrees with the Government's request for this court to reassess the sentence to "a dishonorable discharge, 30 years['] confinement, total forfeitures of all pay and allowances, and reduction to the grade of E-1." While on 5 December 2022 we granted the motion, we do not rely on it for purposes of this opinion.

rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016 *MCM*). Accordingly, the sentence as reassessed is **AF-FIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court